IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Rigoberto Saucedo, | ) |
|       *Plaintiff*, | ) ) ) ) Case No. 15 CV 50136 |
| v. | ) ) Magistrate Judge Iain D. Johnston |
| Illinois Department of Corrections, *et al.*, | ) ) |
|       *Defendants*. | ) |

## REPORT AND RECOMMENDATION

It is the Court's Report and Recommendation that Defendants' request for dismissal of the amended complaint be granted and that Plaintiff's amended complaint be dismissed without prejudice. Any objection to this Report and Recommendation must be filed by April 25, 2017. Failure to object may constitute a waiver of objections on appeal. *See Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 260 (7th Cir. 1989).

## STATEMENT

### I. BACKGROUND

This case involves the rare and very unfortunate event of a lightning strike. Luckily, all those struck by the lightning survived.

On June 9, 2015, Plaintiff, Rigoberto Saucedo, filed a *pro se* complaint. Thereafter, the district judge assigned counsel to represent Plaintiff, and counsel filed an amended complaint. In the amended complaint, Plaintiff alleges that on April 17, 2013, while incarcerated at Dixon Correctional Center, he and other inmates were being escorted back to their cells during a severe thunderstorm.[1] Despite seeing lightning, Officer Hanrahan directed inmates to walk on the grass between a tree and a sidewalk, which was flooded. As Plaintiff walked through the grass, a lightning bold struck the tree and ricocheted onto Plaintiff's head, knocking him unconscious and propelling him several feet. Plaintiff and four other inmates struck by the lightning were brought into the housing until and then transported to the health care unit ("HCU"). At the HCU, Plaintiff complained of an excruciating headache, dizziness, disorientation, tingling in his fingers and "mental fogginess." Dkt. 35 at p. 7. Plaintiff was evaluated by Nurse Schafer, who administered an EKG and determined Plaintiff had an irregular heartbeat. Plaintiff was given Tylenol and told to try to stay awake.

---

[1] At the *Pavey* hearing, Plaintiff admitted that he left his residence hall knowing that severe weather, including lightning, was headed toward Dixon, Illinois.

Plaintiff asserts he has been complaining since the incident of "severe headaches, tingling in fingers, and loss of mental dexterity." Dkt. 35 at p. 8. He asserts he has not received proper treatment, noting that Physician's Assistant Valdez and HCU Administrator Dr. Dominguez have refused to send Plaintiff to an outside specialist.

Specifically, Plaintiff alleges deliberate indifference and violations of his due process rights against Physician's Assistant Valdez, HCU Administrator Dr. Dominguez and Nurse Schafer[2] for delaying treatment and diagnosis for his headaches, numbness and cognitive impairment because they refuse to refer him to an outside specialist for an evaluation. Plaintiff further alleges deliberate indifference and violations of his due process rights against Warden Chandler and Officers Hanrahan, Manzano, Ehlers, Hess, Webb, Miller and Wadsworth[3] for endangering his life by failing to enforce the Illinois Department of Corrections ("IDOC") policy to halt all line movements during dangerous weather conditions. Plaintiff alleged that the officers in the control tower and armory, namely Officers Ehlers, Hess and Webb, directly observed the lightning strikes. Additionally, he alleges Officers Miller and Wadsworth were aware of the dangerous conditions through the National Weather Service.

Defendants have not yet answered the amended complaint,[4] but have asserted the affirmative defense that Plaintiff has failed to exhaust his administrative remedies as required under 42 U.S.C. § 1997e(a). On March 27, 2017, the Court held a *Pavey* hearing on Plaintiff's exhaustion of his administrative remedies. *See Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008); *see also Wagoner v. Lemmon*, 778 F.3d 586, 591-92 (7th Cir. 2015) (finding that courts should hold a *Pavey* hearing before deciding the action on the merits). Plaintiff and Debbie Knauer from the Administrative Review Board ("ARB") testified at the hearing.[5] At the hearing, the parties did not dispute that Plaintiff properly appealed a grievance to the ARB after the necessary intermediate steps. Instead, Defendants argued that Plaintiff did not exhaust his administrative remedies because that grievance, dated April 17, 2013, failed to identify or describe the defendants or the medical treatment and conduct he is now complaining about.

Plaintiff designated the nature of his April 17, 2013 grievance as "other," indicating it was for "administrative negligence." Dkt. 56-3 at p. 10. In his grievance, Plaintiff complained that despite a thunderstorm that day, officers still escorted him and other inmates back to the housing unit from the dining hall. As they approached the housing unit, Plaintiff was struck by lightning. Plaintiff indicated that he was taken to the HCU and given aspirin, but it had no effect on his pain. He still suffered from dizziness, blurry vision and an intense throb in his head, and

---

[2] Although Dr. Tuell is named in the amended complaint, Plaintiff makes no allegations against her. Additionally, Plaintiff has decided to drop his claims against Nurse Wagner because he could not locate her.
[3] Although Officer Hendrix was named in the amended complaint, Plaintiff makes no allegations against him. The Court also notes that despite Plaintiff's inclusion of Warden Chandler in the amended complaint, she was previously dismissed for lack of personal involvement. Dkt. 9.
[4] Illinois Department of Corrections Defendants Hanrahan, Manzano, Hendrix, Wadsworth and Miller and Wexford Defendants Valdez, Dominguez, Tuell and Schafer have asserted failure to exhaust. The Court stayed answers to the amended complaint while waiting for Plaintiff to properly serve the remaining defendants, namely Officers Ehlers, Hess and Webb. To date, Plaintiff has not served these defendants.
[5] The parties also submitted exhibits before the hearing. Dkts. 56-57.

the HCU said it could not provide any other help. Plaintiff stated that "[s]everal inmates were injured due to the neglegence [sic] of the administration and its procedures." Dkt. 56-3 at p. 11. In his request for relief, Plaintiff asked that his family be notified of the incident and that he be compensated for his pain and suffering resulting from the "negligence of the administration." Dkt. 56-3 at p. 10-11. Plaintiff identified Officer Manzano as a witness.

Plaintiff's grievance was reviewed by the counselor, who stated "[p]er medical: offender Saucedo was seen on 4/17/13 for dental pain. Motrin is the protocol for dental pain." Dkt. 56-3 at p. 10. Additionally, the grievance officer reviewed the grievance and recommended no further action, noting that the staff acted appropriately to the weather conditions and responded to Plaintiff's medical needs. Dkt. 56-3 at p. 9.

Thereafter, Plaintiff appealed his grievance to the ARB and included a note clarifying that following the incident he was treated for pain in his head and face, not for dental pain. Dkt. 56-3 at p. 7. The ARB, through Debbie Knauer, denied Plaintiff's grievance, finding it was appropriately addressed by the facility Administration. Dkt. 56-3 at p. 8. Specifically, Ms. Knauer stated "[t]his office notes lightening [sic] strikes is an act of nature and out of the realm of IDOC. Monetary compensation beyond scope of this office." Dkt. 56-3 at p. 8.

## II. DISCUSSION

Pursuant to the Prison Litigation Reform Act ("PLRA"), a prisoner bringing an action under 42 U.S.C. § 1983 with respect to prison conditions must first exhaust all administrative remedies available before being allowed to proceed with the lawsuit. *See* 42 U.S.C. § 1997e(a); *see also Perez v. Wisconsin Dep't of Corrections*, 182 F.3d 532, 535 (7th Cir. 1999); *Pavey*, 544 F.3d at 740. The Seventh Circuit requires strict adherence to the PLRA's exhaustion requirement, such that a prisoner must file grievances "in the place, and at the time, the prison's rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).

The PLRA requires an inmate to exhaust only those administrative remedies available to him. *See* 42 U.S.C. § 1997e(a). Therefore, exhaustion is not necessary when prison officials block an inmate from the administrative process. *See Dale v. Lappin*, 376 F.3d 652, 655-56 (7th Cir. 2004); *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002). Prison authorities cannot "immunize themselves from suit by establishing procedures that in practice are not available because they are impossible to comply with or simply do not exist." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

Failure to exhaust is an affirmative defense, so it is the defendants' burden to prove the plaintiff did not exhaust his administrative remedies before brining suit. *Jones v. Bock*, 549 U.S. 199, 216 (2007). Thus, the defendants must show by a preponderance of the evidence that an administrative remedy was available to the plaintiff and that the plaintiff failed to exhaust that remedy. *Jones v. Dart*, No. 14 C 1929, 2016 U.S. Dist. LEXIS 51376, at *5 (N.D. Ill. Apr. 18, 2016). Review of a district court's exhaustion finding is *de novo*, *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006); however, credibility determinations made by the court are reviewed for clear error. *See Pavey v. Conley*, 663 F.3d 899, 904 (7th Cir. 2011).

"[A]lthough the PLRA does not necessarily require an inmate to name each Defendant by name in his grievance, controlling Illinois regulations require that if the inmate cannot name the official involved, he 'must include as much descriptive information about the individual as possible.'" *Vinning v. Hulick*, No. 08-cv-0405-MJR, 2010 U.S. Dist. LEXIS 31566, at *11 (S.D. Ill. Mar. 31, 2010) (citing *Jones v. Bock*, 549 U.S. 199, 218-19 (2007), and quoting ILL. ADMIN. CODE tit. 20 § 504.810(b)) (emphasis omitted).

Defendants argue that Plaintiff did not exhaust his administrative remedies because his grievance failed to identify or describe any of the defendants he listed in his complaint, except Officer Manzano. They further argue that Plaintiff failed to adequately identify the medical treatment or misconduct at issue.

This Court agrees. Although Plaintiff properly filed and appealed his grievance, the grievance does not cover the claims he sets out in his complaint.

At the time Plaintiff submitted his grievance on April 17, 2013, he was incarcerated at Dixon Correctional Center. Therefore, Plaintiff's grievance was governed by the Illinois Administrative Code. ILL. ADMIN. CODE tit. 20 § 504.800. These regulations state that grievances "shall contain factual details regarding each aspect of the offender's complaint, including what happened, when, where, and the name of each person who is the subject of or who is otherwise involved in the complaint. This provision does not preclude an offender from filing a grievance when the names of individuals are not known, but the offender must include as much descriptive information about the individual as possible." ILL. ADMIN. CODE tit. 20 § 504.810(b). Plaintiff testified that while at Dixon Correctional Center, he received and reviewed an Offender Orientation Manual, which outlined the grievance requirements as set out in the Code. *See* Dkts. 56-1, 56-2. Additionally, the grievance form Plaintiff filled out specifically required "a description of what happened, when and where it happened, and the name or identifying information for each person involved." Dkt. 56-3 at p. 10.

Despite these requirements and instructions, Plaintiff's grievance did not identify or describe any of the defendants he named in his complaint. At the hearing, Plaintiff testified that he did not identify any individuals in his grievance because he was unsure who they were.[6] He testified that he was not allowed to question the medical staff about their identities and their name tags were not visible. Although at the *Pavey* hearing, Plaintiff testified that several women and a couple men treated him in the HCU, but acknowledged that he did not include this description in his grievance. *Cf. Holmes v. Obadina*, No. 3:09-cv-47-DRH-DGW, 2010 U.S. Dist. LEXIS 141808, at *10 (S.D. Ill. Dec. 8, 2010) (finding that although the plaintiff did not identify the physical therapist in his grievance, he sufficiently described him as "the therapist at this facility").

---

[6] Although Plaintiff testified that he was disoriented and had blurred vision while in the HCU, this was not one of the reasons for failing to identify the medical staff. Plaintiff testified he was still able to see the people treating him and was aware he was in the HCU. *Cf. Richmond v. Dart*, No. 11 C 65, 2012 U.S. Dist. LEXIS 174852, at *12 (N.D. Ill. Dec. 11, 2012) (stating that the incapacity exception to the grievance process is reserved for extreme cases, such as where the plaintiff was unconscious or fully dependent on others for activities of daily life).

Plaintiff was similarly unaware of the names of individuals in the administration or the officers that escorted him to and from the dining hall. Again, Plaintiff did not attempt to describe any of these individuals in his grievance. *See Thomas v. Shell*, No. 10-cv-00017-MJR-SCW, 2011 U.S. Dist. LEXIS 74518, at *12-13 (S.D. Ill. June 24, 2011) (dismissing correctional officers where the plaintiff failed to provide even a minimal physical description of the officers he was "face to face with"). Plaintiff did identify Officer Manzano, but solely as a witness without a description of his involvement, if any. Plaintiff testified that while in the HCU, he overheard that Officer Manzano was working in the control tower. Yet, even this additional information was not included in his grievance.

Plaintiff cannot be faulted for not knowing the names of the individuals involved, but he was still required to describe the individuals in as much detail as possible to alert the administration who he was complaining about. *See* ILL. ADMIN. CODE tit. 20 § 504.810(b); *See Roberts v. Neal*, 745 F.3d 232, 234 (7th Cir. 2014) (dismissing claim against correctional officer where grievance "neither mentioned [defendant] by name nor provided information that should have identified him to the grievance officer."); *Ambrose v. Godinez*, 510 F. App'x 470, 472 (7th Cir. 2013) (affirming the dismissal of prison officials where the plaintiff's grievance failed to mention them by name or otherwise implicate them in the alleged misconduct). Plaintiff's grievance referenced "the officers" and "the HCU," but focused on the negligence of administration generally and did not indicate whether any of the defendants now listed in his complaint were involved or at fault. *See* Dkt. 56-3 at p. 10-11. *See Allen v. Feinerman*, No. 07-cv-805 MJR, 2010 U.S. Dist. LEXIS 22256, at *14 (S.D. Ill. Jan. 26, 2010) (finding that the institution was not required to review numerous exhibits to determine other defendants not named or described in the plaintiff's grievance).

Furthermore, Plaintiff's grievance did not properly alert the prison officials to the alleged lack of medical treatment he is now complaining about. Plaintiff's grievance complained that the aspirin he was given in the HCU did not ease his pain. However, Plaintiff's complaint focuses on the lack of a referral for outside treatment for his ongoing symptoms. Nothing in the grievance alerted the prison officials that Plaintiff wanted to be transported to an outside hospital for evaluation. At the hearing, Plaintiff elaborated that while in the HCU, he was told he had an irregular heartbeat and needed to be sent out for treatment. Plaintiff alleged he could not be sent to an outside hospital because another inmate had already been transported. Plaintiff testified that on the day of the incident, he informed the medical staff and Warden Chandler that he wanted to be taken to an outside hospital. None of this was mentioned in the grievance; therefore, the institution was not alerted to the problem they needed to correct.

Instead, Plaintiff's grievance focused on the negligence of the administration and its procedures. In fact, Plaintiff specifically requested compensation for his pain and suffering due to the negligence of the administration. At the hearing, Plaintiff confirmed that he intended to designate his grievance as "other" instead of specifying it was a grievance about "medical treatment," and explained that he believed that the administration had a duty to protect him and failed. Yet, as discussed above, Plaintiff neglected to identify any officers that were at fault for the alleged negligence. Plaintiff mentioned the officers that were escorting him in line, but seemed to do so only to provide context for his grievance and did not indicate whether they were aware of bad weather and failed to act accordingly.

After considering all the evidence submitted, the Court finds that Defendants have proven by a preponderance of the evidence that Plaintiff did not exhaust his administrative remedies with respect to the claims in his amended complaint. Therefore, it is this Court's Report and Recommendation that Plaintiff's amended compliant be dismissed without prejudice for failure to exhaust.[7] *See Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) ("[A]ll dismissals under § 1997e(a) should be without prejudice."). Any objection to this Report and Recommendation must be filed by April 25, 2017. Failure to object may constitute a waiver of objections on appeal. *See Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 260 (7th Cir. 1989).

Dated: April 11, 2017                  By: _____
Iain D. Johnston
United States Magistrate Judge

---

[7] Although Plaintiff has not served all of the defendants in this case, the Court recommends dismissal of Plaintiff's complaint in its entirety. *See Moser v. Universal Eng'g Corp.*, 11 F.3d 720, 723 (7th Cir. 1993) ("The inherent authority of the district court to dismiss a case sua sponte and control its docket is well established."); *Malak v. Associated Physicians*, 784 F.2d 277, 280 (7th Cir. 1986) (finding that the court may *sua sponte* enter judgment in favor of non-moving defendants if motion by one defendant is equally effective in barring claim against other defendants and plaintiff had adequate opportunity to respond to the motion).