# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Rigoberto Saucedo, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No: 15 C 50136 |
| | ) | |
| Illinois Department of Corrections, et al., | ) | |
| | ) | |
| Defendants. | ) | Judge Frederick J. Kapala |

## ORDER

The magistrate judge's report and recommendation [60] is accepted. Plaintiff's objections are overruled. This case is closed.

## STATEMENT

    Before the court is a report and recommendation from the magistrate judge that this court dismiss plaintiff's amended complaint for failure to exhaust his administrative remedies. Defendants, several employees of the Illinois Department of Corrections and Wexford Health Services, Inc., assert that plaintiff did not exhaust properly because (1) his grievance failed to identify or describe any of the defendants he listed in his complaint, except Officer Manzano; and (2) he failed to adequately identify the medical treatment or misconduct at issue. The magistrate judge conducted a Pavey hearing and found that while plaintiff properly filed his grievance, he did not identify the claims alleged in his complaint. Thereafter, on April 25, 2017, plaintiff filed objections reiterating the same arguments he made at his Pavey hearing. Plaintiff contends that he properly exhausted his administrative remedies even though he did not identify defendants in his grievance because he was unable to obtain defendants' identities at the time without being severely disciplined.

    Pursuant to Rule 72(b)(3) of the Federal Rules of Civil Procedure, the district court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). The Prison Litigation Reform Act ("PLRA") requires a prisoner to properly exhaust his administrative remedies before filing an action concerning prison conditions. See 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."); Pavey v. Conley, 544 F.3d 739, 742 (7th Cir. 2008) (providing that the district court can rule on an exhaustion defense before allowing the case to proceed to discovery). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." King v. McCarty, 781 F.3d 889, 893 (7th Cir. 2015). "Courts analyze a prisoner's exhaustion under the preponderance of the evidence standard."

Lloyd v. Dart, No. 14 C 69, 2016 WL 232422, at *2 (N.D. Ill. Jan. 20, 2016).

"The purpose of the exhaustion requirement is to ensure that prisons have a fair opportunity to correct their own errors through the grievance process." Pyles v. Nwaobasi, 829 F.3d 860, 867 (7th Cir. 2016). Therefore, in order to properly exhaust administrative remedies, a prisoner must "us[e] all steps that the agency holds out, and do[] so properly (so that the agency addresses the issues on the merits)." Woodford v. Ngo, 548 U.S. 81, 90 (2006) (emphasis omitted). The Seventh Circuit has "taken a strict compliance approach to exhaustion." Dole v. Chandler, 438 F.3d 804, 809 (7th Cir. 2006); see also King, 781 F.3d at 893 ("The exhaustion requirement is strict. A prisoner must comply with the specific procedures and deadlines established by the prison's policy."). "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies, and thus is foreclosed by § 1997e(a) from litigating." Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002).

"State law determines the administrative remedies that a state prisoner must exhaust for PLRA purposes." Pyles, 829 F.3d at 864. Therefore, plaintiff's grievance is governed by Illinois Administrative Code tit. 20 § 504.800 et seq. Pursuant to regulations, which plaintiff acknowledged reading and signing as part of an orientation manual he received,

> [t]he grievance shall contain factual details regarding each aspect of the offender's complaint, including what happened, when, where and the name of each person who is the subject of or who is otherwise involved in the complaint. This provision does not preclude an offender from filing a grievance when the names of individuals are not known, but the offender must include as much descriptive information about the individual as possible.

Id. at 540.810(c). In addition to the orientation manual explaining the grievance process, the grievance form that plaintiff filled out specifically indicated that the summary of grievance was to include information regarding "a description of what happened, when and where it happened, and the name or identifying information for each person involved."

In this case, plaintiff filed a two-page grievance concerning the events which occurred on April 17, 2013. Plaintiff described in detail the events that took place earlier in the day and that he was struck by lightning as he walked back from the dining hall. He also explained that he suffered from blurred vision and dizziness and was taken to the Health Care Unit. However, in his two-page grievance, plaintiff failed to identify by name or offer a description of any health care personnel. In fact, plaintiff only mentioned the Health Care Unit when he noted that he "was given asprin and it . . . had no effect on my pain and I feel helpless because the Health Care Unit said that they could not help me in any other way." Turning to Illinois Department of Corrections defendants, plaintiff only identified Officer Manzano by name and did not describe or mention any other officers or staff members. Therefore, on the face of the grievance plaintiff did not properly describe or identify any person involved.

At his Pavey hearing, plaintiff argued that he did not identify any individuals in his grievance other than Officer Manzano because he did not know who they were. Plaintiff testified that he was not allowed to question the medical staff about their identities and their name tags were not visible. He also testified that he did not know the names of administrative personnel or officers that were

2

involved in the incident. Plaintiff reiterates these arguments in his objections to the magistrate judge's recommendation and further asserts that the prison has a policy geared to insulate its employees by making it almost impossible, without punishment, to obtain names of officers and medical personnel. Plaintiff argues that defendants should not benefit from these policies and procedures and be allowed to argue in a Pavey hearing that plaintiff did not adequately identify the defendants that were involved.

Plaintiff cites general and distinguishable authority for the proposition that an inmate "must exhaust only those administrative remedies that are available to him," Lewis v. Washington, 300 F.3d 829, 833 (7th Cir. 2002), and that "[p]rison authorities cannot immunize themselves from suit by establishing procedures that in practice are not available because they are impossible to comply with or simply do not exist," King, 781 F.3d at 893. Plaintiff's argument is unpersuasive. Assuming plaintiff's allegations are correct and the prison's policies made it difficult for him to obtain the names of the individuals involved, the PLRA does not require names. The PLRA only requires a detailed description of the individuals involved, which plaintiff failed to provide. See Roberts v. Neal, 745 F.3d 232, 235–36 (7th Cir. 2014) (explaining that the PLRA does not require a grievant to know the name of the prison employee whom he's complaining about but must include "as much descriptive information about the individual as possible"). In the interest of fairness, the court also takes into consideration that plaintiff was in pain and disoriented from the lightning strike, however, despite his injuries plaintiff was able to recall the day's events and describe them in detail in his grievance. Therefore, defendants have established by a preponderance of the evidence that plaintiff did not adequately describe the individuals involved in his grievance.

Turning to Officer Manzano, plaintiff did identify him by name but only as a witness, "witness=Officer Manzano," without providing any other information as to Officer Manzano's involvement. The PLRA requires that the grievance include a description of the individual's involvement in the incident so that the institution can be put on notice of the problem it needs to correct. Simply identifying Officer Manzano as a witness without more, plaintiff failed to alert the institution of a problem. Therefore, defendants have met their burden as to Officer Manzano and are entitled to dismissal.

Next, at his Pavey hearing plaintiff argued that he did not receive adequate medical treatment for his injury. The magistrate judge found that plaintiff's grievance did not properly alert the prison officials to the alleged lack of medical treatment. According to Federal Rule of Civil Procedure 72(b) a party that disagrees with a magistrate judge's report and recommendation on a dispositive motion must file "written, specific objections" to the report. Johnson v. Zema Sys. Corp., 170 F.3d 734, 739 (7th Cir. 1999). A district court judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); United States v. Raddatz, 447 U.S. 667, 673 (1980). "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." Johnson, 170 F.3d at 739. Plaintiff does not specifically object to the magistrate judge's recommendation that his grievance did not address the lack of medical treatment he received in his objections to the magistrate judge's report. Plaintiff only made a brief reference when (1) he summarized defendants' argument stating that defendants contend that plaintiff, "failed to identify or describe the defendants or the medical treatment and conduct he is now complaining about," and

(2) that he testified in his Pavey hearing as to his "limited treatment which he believed to be a concussion protocol." Therefore, the court will review the magistrate judge's recommendation using the clearly erroneous standard as to plaintiff's medical claims.

Plaintiff's grievance does not exhaust his claims as to inadequate medical care. In his complaint, plaintiff alleges that defendants were deliberately indifferent to his serious medical condition, where they knowingly delayed treatment and diagnosis by failing to provide specialist outside care not available at the institution. Plaintiff alleges that this care would have alleviated his severe headaches, numbness in his hands and fingers, and cognitive impairments that contribute to severe pain and a diminished quality of life. However, plaintiff did not address these concerns in his grievance. He simply mentioned that the asprin he received did not alleviate his pain but made no mention that he requested and was denied outside care or the opinion of a medical specialist. Instead, plaintiff's grievance focused on the negligence of the administration and requested compensation. Additionally, plaintiff did not specify that his grievance was about "medical treatment" as he was required to do and failed to file a separate grievance detailing his dissatisfaction with his medical care. See Waldrop v. Wexford Health Sources, Inc., 646 F. App'x 486, 490 (7th Cir. 2016) (explaining that inmate failed to exhaust his administrative remedies because he did not file separate grievances for each complaint as required, where the inmate complained that several defendants did not timely review his grievances, whereas other defendants were deliberately indifferent). Therefore, plaintiff did not properly exhaust his administrative remedies with respect to his claims alleging failure to adequately treat and diagnose his medical condition.

Based on the aforementioned, the court accepts the magistrate judge's recommendation and dismisses plaintiff's amended complaint for failure to exhaust. This case is closed.

Date: 5/25/2017       ENTER:

_____
FREDERICK J. KAPALA

District Judge

4